[Civ. No. 66531. Second Dist., Div. Five. July 13, 1983.]

LOUIE VISCO et al., Plaintiffs and Appellants, v.
BEN ABATTI et al., Defendants and Respondents.

**COUNSEL**

O'Neill & Huxtable and Leroy A. Abelson for Plaintiffs and Appellants.

Hewitt & Marshall, Hewitt, Sullivan & Marshall, James O. Hewitt, Joseph L. Marshall and David E. Hustwick for Defendants and Respondents.

**OPINION**

**STEPHENS, J.**—Plaintiffs Louie Visco, et al., appeal from a judgment for defendants entered after the granting of defendants' motion to dismiss

brought pursuant to Code of Civil Procedure section 583, subdivision (a). Plaintiffs contend that the court's reliance on a presumption of prejudice concept was an abuse of discretion resulting in a dismissal of their meritorious case. We agree.

The relevant facts are as follows: On December 8, 1976, plaintiffs filed a complaint seeking specific performance of a contract for the purchase of approximately 500 acres of unimproved land. Allegedly from the date of filing the complaint until April 1, 1981, plaintiffs and defendants engaged in negotiations to settle the matter.[1]

On April 1, 1981, plaintiffs substituted counsel for purposes of trying the case when it became evident that a settlement was unobtainable. That same day, plaintiffs filed an at-issue memorandum as well as a motion for a special setting. Plaintiffs' motion was granted on April 20, 1981, and the case was set for trial on October 5, 1981.

On May 7, 1981, defendants made a motion to dismiss pursuant to section 583, subdivision (a). On June 24, 1981, the trial court filed its order of dismissal. The court concluded that although defendants had shown no actual prejudice from the long delay between December of 1976 to April of 1981, prejudice would be presumed. Plaintiffs thereafter initiated this appeal.

Plaintiffs contend the trial court's reliance upon the "presumption of prejudice" constitutes an abuse of discretion where no actual prejudice has been shown. They argue that the court failed to consider factors set forth under Rules of Court, rule 203.5(e).

California Rules of Court rule 203.5 sets forth several factors which a trial court must consider in exercising its discretion in adjudicating a motion to dismiss under Code of Civil Procedure section 583, subdivision (a). "[T]he trial court must consider factors such as the length of time between the filing of the complaint and the motion to dismiss, bearing in mind that as the time passes from two years nearer to five, the showing required to excuse a failure to bring a case to trial grows greater and greater. [Citations.] Other matters to be considered include the court's file and the affidavits and supporting data submitted by the parties; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including

---

[1]Defendants deny this allegation and insist that plaintiffs gave no indication that they desired to settle the matter. It is suggested that plaintiffs deliberately sought to delay the prosecution of the claim for economic and tactical considerations.

any extraordinary relief sought by either party; the nature and complexity of the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to the fair determination of the issue." (*Corlett* v. *Gordon* (1980) 106 Cal.App.3d 1005, 1013 [165 Cal.Rptr. 524].) ■ Failure to give consideration of those factors in determining a motion to dismiss pursuant to section 583, subdivision (a), constitutes an abuse of discretion. (*Tannatt* v. *Joblin* (1982) 130 Cal.App.3d 1063, 1068 [182 Cal.Rptr. 112]; *United Farm Workers National Union* v. *International Brotherhood Of Teamsters* (1978) 87 Cal.App.3d 225, 236 [150 Cal.Rptr. 761].)

In its tentative ruling, the court considered the late filing of plaintiffs' at-issue memorandum and how it possibly resulted in memory loss to witnesses, thereby prejudicing defendant. In its final ruling, the following colloquy is evidenced:

"THE COURT: I think it is a close case, and the reason I think it is a close case is that I do agree [defendants] have not demonstrated any substantial prejudice of the kind that commonly occurs in five year cases where people come in and make a showing there are certain necessary witnesses or desirable witnesses who are not able to be reached or documents have been destroyed or anything like that. And the moving party is relying on—as far as I am concerned—on the presumption of prejudice, rather than any demonstration of actual prejudice.

"MR. STEWARD: We are claiming it, though.

"THE COURT: You are claiming it, but I am not giving you the motion based on that.

"I think all that has been demonstrated to the court's satisfaction is the prejudice that always occurs from loss of memory, and the presumed prejudice that I think is still viable as a matter of law where there has been an unreasonable delay by the plaintiff, which has the burden of moving the action forward. And, as I have indicated, I think the event that triggers justified action by defendant—that is, justified inaction by the defendant—in not preserving those memories is the failure to file the at issue memorandum. I think that tips the balance in this close case.

"So I will grant the motion."

■ The court's reliance on presumed prejudice was incorrect. While it did take into consideration the late filing of plaintiffs' at-issue memorandum, it found no actual prejudice. Without more, the trial court can not merely presume prejudice by the passage of time. (See *City of Los Angeles v. Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 563 [133 Cal.Rptr. 212]; *Tannatt* v. *Joblin, supra,* 130 Cal.App.3d at p. 1070.) If such a presumption were allowable, there would be no purpose for section 583, subdivision (b). In close cases such as this, it is preferred to allow the parties to get their case to court. By this, however, we do not imply that plaintiffs have acted with the greatest of diligence.

Finally, defendants submit that this case is similar to *Innovest, Inc.* v. *Bruckner* (1981) 122 Cal.App.3d 594, 599 [176 Cal.Rptr. 90]. In *Innovest,* we upheld the discretionary dismissal of the cross-complaint because it appeared from the record that plaintiff lacked any sincere desire to prosecute the cross-complaint with diligent speed. (*Id.,* at p. 599.) Defendants maintain that plaintiffs here acted in a similar manner since the delay substantially benefited them.[2]

*Innovest* itself involved a plaintiff who failed to prosecute a cross-complaint in order to delay entry of a stipulated judgment. We are faced with no such situation here. While it may have been economically and tactically beneficial for plaintiffs to tie up only $500 in escrow, that in and of itself is not indicative of a lack of any sincere desire to prosecute their case. The $500 for escrow purposes most certainly was a mutually agreed upon figure.

■ Code of Civil Procedure section 583, subdivision (a), makes it discretionary for a trial court to dismiss an action for want of prosecution if it is not brought to trial within two years after being filed. (*House* v. *State of California* (1981) 119 Cal.App.3d 861, 880 [174 Cal.Rptr. 279].) Such discretion should not be disturbed on appeal unless it appears there has been a miscarriage of justice. However, discretion is abused when the court exceeds the bounds of reason considering all the circumstances then before that court. (*Innovest, Inc.* v. *Bruckner, supra,* 122 Cal.App.3d at p. 598; *Corlett* v. *Gordon, supra,* 106 Cal.App.3d at p. 1012.) The burden is on defendant to show that dismissal was warranted. (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 722-723, fn. 7 [170 Cal.Rptr. 790, 621 P.2d 829].)

---

[2]The alleged benefit to plaintiffs is that they had deposited only $500 in escrow in connection with the contract and they were unwilling to incur the expense of prosecuting the action. Thus, defendants insist it cost plaintiffs little or nothing to keep the property tied up. "It was to the economic benefit of [plaintiffs] to delay until the last possible moment, and this is precisely what they did."

██ "[W]here a trial court dismisses the action under the two-year statute [§ 583, subd. (a)] it is subject to closer appellate scrutiny than where the trial court denies the motion to dismiss. All doubts will be resolved in favor of the party attempting to get to trial. [Citation.]" (*United Farm Workers National Union* v. *International Brotherhood Of Teamsters, supra,* 87 Cal.App.3d at p. 233.)

██ After reviewing the record in toto, we are of the opinion that plaintiffs' delay in bringing their action to trial was not entirely unreasonable and therefore we must conclude that the trial court exceeded its discretionary authority in dismissing their complaint. Resolving all reasonable doubts in favor of the party attempting to get to trial, substantial justice requires giving plaintiffs the opportunity to get their case tried on the merits. "[T]he discretion to be exercised in determining whether to dismiss the action is not a capricious or arbitrary discretion but ' "is one controlled by legal principles and is to be exercised in accordance with the spirit of the law and with a view to subserving, rather than defeating, the ends of substantial justice." ' (*Ordway* v. *Arata, supra,* 150 Cal.App.2d 71, 75 [309 P.2d 919], quoting from *Jepson* v. *Sherry* (1950) 99 Cal.App.2d 119, 121 [220 P.2d 819].)" (*United Farm Workers National Union* v. *International Brotherhood of Teamsters, supra,* 87 Cal.App.3d at p. 233.)

The order is reversed.

Feinerman, P. J., and Ashby, J., concurred.

A petition for a rehearing was denied August 1, 1983, and respondents' petition for a hearing by the Supreme Court was denied September 14, 1983.