176 Cal.App.3d 731 (1986)
222 Cal. Rptr. 364
MARIE ANNETTE LONGSHORE, Plaintiff and Appellant,
v.
STEPHEN PINE et al., Defendants and Respondents.
Docket No. B007931.
Court of Appeals of California, Second District, Division Two.
January 16, 1986.
*732 COUNSEL
Richard M. Foster for Plaintiff and Appellant.
*733 Bonne, Jones, Bridges, Mueller & O'Keefe, H. Gilbert Jones and Christopher B. Marshall for Defendants and Respondents.
OPINION
BEACH, J.
Appeal from order of dismissal for delay in prosecution under former Code of Civil Procedure section 583, subdivision (a).[1] Affirmed.
The issues on appeal are (1) whether a showing of some prejudice is necessary to support a discretionary dismissal under former section 583, subdivision (a) and (2) whether the trial court abused its discretion in granting the dismissal.

FACTS:
In 1979 appellant's doctor prescribed Provera, a drug manufactured by respondent, for appellant to take during her pregnancy. Appellant's daughter was born with congenital heart abnormalities on March 21, 1980. The infant was hospitalized for approximately six weeks after birth and required constant attention when taken home because she frequently stopped breathing. The infant died on June 29, 1980.
A complaint against the doctor, the hospital, the ambulance company called on the date of death, and respondent was filed June 29, 1981. The doctor was served on June 28, 1983. His demurrer was sustained with thirty days to amend on December 19, 1983. The first amended complaint seeking recovery for wrongful death, the survival of the decedent's personal injury action, battery, breach of express and implied warranties, strict liability and negligent infliction of emotional distress was filed January 25, 1984. The doctor filed, but did not serve, a cross-complaint for indemnity and contribution against respondent and others on March 29, 1984, and answered appellant's complaint on April 9, 1984. Appellant first served her complaint on respondent on April 16, 1984, almost four years after the child's death.
Respondent filed its demurrer and motion to strike on May 23, 1984, and its motion to dismiss pursuant to section 583, subdivision (a) on June 4, 1984. Appellant filed opposition to the demurrer and motion to strike on June 6, 1984.
Respondent took appellant's deposition on June 21, 1984. On July 12, 1984, the court overruled respondent's demurrer for failure to state facts *734 sufficient to constitute a cause of action but sustained respondent's demurrer for uncertainty with 30 days to amend. The motion to strike was continued. The court found that "[t]he complaint, fairly read, does not specifically tell this defendant [Upjohn] what it did, especially in light of the shotgun nature of the charges pleaded." The motion to strike was taken off calendar.
Appellant filed opposition to the motion to dismiss on July 17, 1984, more than four weeks beyond the 15 day period within which rule 373(c), California Rules of Court.[2] allows such filing. Accordingly, respondent objected to appellant's untimely filing of her opposition papers as a violation of rule 373(c). Nonetheless, the motion to dismiss was heard on the merits on July 23, 1984. The court granted respondent's motion for dismissal under section 583, subdivision (a). This appeal followed.

DISCUSSION:
(1) An Affirmative Showing by Defendant of Prejudice Is Not Necessary to Support a Discretionary Dismissal Under Former Section 583, Subdivision (a)
Former section 583, subdivision (a) reads in pertinent part: "The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed."[3]
(1) Appellant argues that the burden was on respondent to demonstrate actual prejudice resulting from the delay in serving the complaint and that the trial court erred in finding "inherent" prejudice.
Appellant relies on Hurtado v. Statewide Home Loan Co. (1985) 167 Cal. App.3d 1019 [213 Cal. Rptr. 712] which held that "in the absence of prejudice to the defendant, it makes little sense that a plaintiff's negligence in prosecuting his case ... should totally defeat his recovery." (Id., at p. 1031.)
*735 The Hurtado court relied on cases which have held that it is "harsh to cut off a plaintiff's remedy to an apparently meritorious cause of action based merely on a presumption of prejudice to defendants, without more." (City of Los Angeles v. Gleneagle Dev. Co. (1976) 62 Cal. App.3d 543, 563 [133 Cal. Rptr. 212]; United Farm Workers National Union v. International Brotherhood of Teamsters (1978) 87 Cal. App.3d 225, 238 [150 Cal. Rptr. 761].)
However, other equally competent authority as well as our State Supreme Court hold that unexcused delay in prosecuting a cause of action is innately prejudicial. "... prejudice is inherent in protracted delay and will be presumed when such delay is unjustified." (Lopez v. Larson (1979) 91 Cal. App.3d 383, 401 [153 Cal. Rptr. 912]; referring to Dunsmuir Masonic Temple v. Superior Court (1970) 12 Cal. App.3d 17 [90 Cal. Rptr. 405]; Daley v. County of Butte (1964) 227 Cal. App.2d 380 [38 Cal. Rptr. 693]; Knight v. Pacific Gas & Elec. Co. (1960) 178 Cal. App.2d 923 [3 Cal. Rptr. 600]; Bonelli v. Chandler (1958) 165 Cal. App.2d 267 [331 P.2d 705].)
"Although the court in the Gleneagle decision questioned the continued vitality of `this "presumption of prejudice"' (62 Cal. App.3d at p. 563) and while the court in the United Farm Workers case, citing Gleneagle as its sole authority, stated flatly that `... the trial court may not presume prejudice simply by the passage of time,' (87 Cal. App.3d at p. 236), we are persuaded that the notion that prejudice to the defendant inheres in protracted delay has a sound basis and merits continued recognition, particularly in a case like that at bench." (Lopez v. Larson, supra, 91 Cal. App.3d 383, 402.)
Like the situation here, Lopez involved a delay in service of process for almost three years.
"Delay in effecting service constitutes a particularly pernicious form of delay in terms of potential prejudice, for the defendant during the period of that delay may be unaware that the action has been filed and thus not alerted to the necessity for making discovery, interviewing witnesses and preserving evidence essential to his defense." (Lopez v. Larson, supra, 91 Cal. App.3d 383, 402-403.)
In Luti v. Graco (1985) 170 Cal. App.3d 228 [215 Cal. Rptr. 902], the court, while agreeing with the Hurtado court's conclusion that prejudice is required before an action can be dismissed under section 583, subdivision (a) where the complaint has been properly served, held that "a court does not abuse its discretion in presuming prejudice where a delay in service of *736 the summons and complaint is prolonged and unjustified and defendants had no actual knowledge of the existence of the action."
More importantly and controlling is the decision subsequent to Hurtado by our State Supreme Court in Blank v. Kirwan. (1985) 39 Cal.3d 311 [216 Cal. Rptr. 718, 703 P.2d 58]. Contrary to Hurtado, Blank holds that even if a defendant has not been prejudiced, dismissal under 583, subdivision (a) may still be had because "`... [t]he legislative policy underlying section 583 is not grounded solely in prejudice caused by delay to a defendant. Its purpose, too, is to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence.' (Sprajc v. Scandinavian Airlines System, Inc. (1966) 240 Cal. App.2d 935, 938 [50 Cal. Rptr. 181]; accord, Lopez v. Larson (1979) 91 Cal. App.3d 383, 400 [153 Cal. Rptr. 912]; Dunsmuir Masonic Temple v. Superior Court (1970) 12 Cal. App.3d 17, 22  23 [90 Cal. Rptr. 405])." Accordingly, under the rule affirmed in Blank there was no requirement that the defendant here make a showing of prejudice before the action could be dismissed for delay in prosecution.
(2) The Trial Court Did Not Abuse Its Discretion in Granting the Dismissal
(2a) There is apparent disagreement among the reviewing courts of this state as to the proper standard to apply in determining whether a court has abused its discretion in granting or denying a motion to dismiss under section 583, subdivision (a).
While some courts have held that "[t]he burden is on defendant to show that dismissal was warranted," (Visco v. Abatti (1983) 144 Cal. App.3d 904, 908 [192 Cal. Rptr. 833]) others have held that "[t]he burden is on plaintiff to justify his delay in bringing the case to trial, and it is his duty to use diligence at every stage of the proceedings in order to expedite his case to a final determination." (House v. State of California (1981) 119 Cal. App.3d 861, 880 [174 Cal. Rptr. 279].)
Thus, while there is general consensus that an action to dismiss for failure to prosecute within the two-year period prescribed by section 583, subdivision (a) is addressed to the trial court's sound discretion and its decision will be disturbed only in cases of manifest abuse (Wilson v. Sunshine Meat & Liquor Co. (1983) 34 Cal.3d 554, 566 [194 Cal. Rptr. 773, 669 P.2d 9]; Visco v. Abatti, supra, 144 Cal. App.3d 904, 903; House v. State of California, supra, 119 Cal. App.3d 861, 880; Lopez v. Larson, supra, 91 Cal. App.3d 383, 404), some courts appear to be more ready to find abuse than others.
*737 These courts urge that since "the law concerning discretionary dismissals under section 583 favors a trial on the merits" (Tannatt v. Joblin (1982) 130 Cal. App.3d 1063, 1073 [182 Cal. Rptr. 112]), "if there is any basis upon which the action can be sustained and it appears that no injustice would result, a motion to dismiss for failure to bring to trial within two years should be denied." (United Farm Workers National Union v. International Brotherhood of Teamsters, supra, 87 Cal. App.3d 225, 232.)
(3) We note that "[a]lthough discretion is vested in the trial judge, that discretion is not unfettered. It cannot be exercised arbitrarily, but must be an impartial discretion to be exercised in conformity with the spirit of the law and in a manner to subserve the ends of substantial justice." (City of Los Angeles v. Gleneagle Dev. Co., supra, 62 Cal. App.3d 543, 561.)
(2b) The trial court here exercised its discretion impartially and properly. In spite of appellant's failure to file timely opposition to the motion to dismiss, the trial court considered appellant's opposition papers and decided the motion on its merits although not required to do so.
Appellant's opposition papers contained vague references to the complexity of the case, the "voluminous" medical records, the necessity of contacting three doctors, and a frustrated attempt to effect service on respondent. None of appellant's excuses contained the sort of specific information regarding delay that would have enabled the court to find that appellant's conduct was reasonable.
In fact the court stated: "The very fact that this is a particular drug made by a particular company whose identity is known all along and to which there is a whole stack of literature which you had to sort out, doctors you had to consult, indicated there is no reason defendant shouldn't have gotten fair notice by proper service well before you did it."
The court considered the factors enumerated in rule 373(e) of California Rules of Court[4] and held that all the factors before it favored respondent *738 except for "the condition of this court's calendar, but that is not really relevant to overcoming the prejudice inherent in a delay in service such as occurred here." The court's decision was correct.
The judgment is affirmed.
Roth, P.J., and Gates, J., concurred.
Appellant's petition for review by the Supreme Court was denied April 23, 1986.
NOTES
[1] All further statutory references are to the Code of Civil Procedure.
[2] Rule 373 of the California Rules of Court governs motions to dismiss for failure to prosecute. Rule 373(b) provides "Within 15 days after service of the notice of motion, the opposing party may serve and file written opposition, a memorandum of points and authorities, and a supporting affidavit or declaration stating facts showing why the motion should be denied. The failure of the opposing party to serve and file written opposition may be construed by the court as an admission that the motion is meritorious and the court may grant the motion without a hearing on the merits."
[3] Similar dismissal is now provided for pursuant to Code of Civil Procedure section 583.410 and under conditions set forth in section 583.420, subdivision (a), subsection (1) (failure to serve defendant within two years after action is commenced) and (2) (A) (The action is not brought to trial within three years after the action is commenced.)
[4] Rule 373(e) reads: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue."