[No. B012370. Second Dist., Div. Six. July 18, 1986.]

JUDITH MILDRED ADAMS et al., Plaintiffs and Appellants, v. JOAQUIN ROSES et al., Defendants and Respondents.

**COUNSEL**

James R. Burlison for Plaintiffs and Appellants.

Robert F. Harris, Kathlene Bonnigson, Bauer, Harris & McEvoy, Janet C. Vining and Hillsinger & Costanzo for Defendants and Respondents.

**OPINION**

**GILBERT, J.**—Plaintiffs Judith Mildred Adams and Warren E. Adams appeal the judgment dismissing their action for failure to diligently prosecute it within two years. (Former Code of Civ. Proc., § 583.[1]) We affirm the judgment and hold that the trial judge did not abuse his discretion in dismissing the action. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58]; *Luti* v. *Graco, Inc.* (1985) 170 Cal.App.3d 228, 233 [215 Cal.Rptr. 902].) We also hold that section 411.30, requiring that plaintiffs file a certificate of merit prior to serving the summons and complaint upon defendants, does not deny plaintiffs equal protection of the law. (*American Bank & Trust Co.* v. *Community Hospital* (1984) 36 Cal.3d 359, 373 [204 Cal.Rptr. 671, 683 P.2d 670, 41 A.L.R.4th 233].)

FACTS

On January 7, 1981, defendant surgeons performed surgery upon plaintiff Judith Adams to remove a benign neck tumor. During the surgery, the surgeons nicked her carotid artery and severed her vocal cords. Adams suffered a stroke, partial paralysis, pneumonia, and other complications as a result.

Plaintiff and her husband retained the law firm of Keough and Keough to represent them in their malpractice claim. On December 30, 1981, the firm mailed notices of intent to sue to the surgeons, hospital and clinic. Plaintiffs then filed a complaint for medical malpractice on March 31, 1982,

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

but did not serve the summons and complaint upon any defendant since plaintiffs had not obtained a certificate of merit. (§ 411.30.)

Later that year two claims agents representing defendants wrote Keough and Keough concerning the lawsuit and requested that plaintiff complete authorizations releasing her medical records to them. Truck Insurance Exchange, representing defendants Poindexter and Cottage Hospital, did not receive a reply. The law firm did call James Spence, a claims agent representing defendants Roses, Clark and Sansum Medical Clinic, and informed him there would be "no free discovery" and that the complaint would be served eventually.

In January 1984 James Burlison became the attorney for plaintiffs after Keough and Keough withdrew. On September 21, 1984, he filed an amended complaint and a certificate of merit. He served this amended complaint on all defendants in early November 1984—two years and seven months after plaintiffs filed the initial complaint.

Defendants Poindexter and Cottage Hospital moved to dismiss plaintiffs' complaint under section 583, alleging plaintiffs failed to diligently prosecute the action. Defendants Roses, Clark and Sansum Medical Clinic joined in the motion. In a declaration accompanying defendants' motion, the Truck Insurance claims agent declared that without plaintiff's medical authorizations, he was unable to investigate plaintiffs' claim. He also stated that two of the surgical nurses who attended to plaintiff during surgery were no longer employed by the hospital and the whereabouts of one was unknown. Thirty-five other hospital employees who cared for plaintiff were also no longer employed by the hospital. Thirteen of those former employees have relocated outside the city or state.

Plaintiffs' attorney Burlison resisted the motion by declaring that he and plaintiffs' former attorneys were unable to obtain a favorable medical expert opinion to allow them to file the certificate of merit and to serve the complaint earlier. Burlison and Keough also stated that plaintiff's medical records were voluminous and time consuming to collect.

Burlison's and Keough's declarations stated that Keough had contacted physicians who either refused to state an opinion or gave an unfavorable opinion to plaintiffs. Burlison declared that Keough ". . . made attempts to contact doctors . . . [but was] unable to find a local doctor willing to get involved in this case." Keough stated that she had ". . . made numerous attempts to contact physicians . . . [but] was unable to obtain a medical opinion which would enable [her] to file a Certificate of Merit." She also

retained an "East Coast" medical expert but received an unfavorable opinion.

The trial judge dismissed plaintiffs' complaint for failure to diligently prosecute the action. He specifically found both a lack of diligence in prosecution and prejudice to defendants. Prior to his ruling, the trial judge questioned Burlison why plaintiffs did not file a certificate of merit under section 411.30, subdivision (b)(3), stating that three physicians refused to agree to a consultation.[2] Burlison stated: "I think [the] attorney takes them on a limb without getting an opinion before filing a certificate of merit. . . ."

On appeal plaintiffs argue (1) the certificate of merit requirement of section 411.30 stayed the two-year period under section 583; (2) but if not, the trial judge abused his discretion in dismissing the complaint; (3) the certificate of merit requirement denies plaintiffs the equal protection of the law; and (4) defendants Roses, Clark and Sansum Medical Clinic failed to give the required 45 days notice prior to joining in the motion to dismiss.

DISCUSSION

I.

Plaintiffs contend that the requirement of a certificate of merit tolls the two-year period of former section 583 and that the trial judge therefore could not dismiss the action under that section. They argue that subdivision

---

[2]In 1984, section 411.30 provided in part:

"(a) In any action for damages arising out of the professional negligence of a person holding a valid physician's and surgeon's certificate issued pursuant to Chapter 5 (commencing with Section 2000) of Division 2 of the Business and Professions Code, . . . on or before the date of service of the complaint on any defendant, the plaintiff's attorney shall file the certificate specified in subdivision (b).

(b) A certificate shall be executed by the attorney for the plaintiff declaring one of the following:

(1) that the attorney has reviewed the facts of the case, that the attorney has consulted with at least one physician and surgeon . . . who is licensed to practice and practices in this state or any other state or teaches at an accredited college or university and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is reasonable and meritorious cause for the filing of such action.

(2) That the attorney was unable to obtain the consultation required by paragraph (1) because a statute of limitations, including the provisions of section 581a, would impair the action and that the certificate required by paragraph (1) would not be obtained before impairment of the action. If a certificate is executed pursuant to this paragraph, the certificate required by paragraph (1) shall be filed within 60 days after service of the complaint.

(3) That the attorney was unable to obtain the consultation required by paragraph (1) because the attorney had made three separate and good faith attempts with three separate physicians and surgeons, . . . to obtain such consultation and none of those contacted would agree to such a consultation. . . ."

(f) of section 583 excludes from the two-year period the time during which a defendant is not amenable to court process or the time during which the court lacks jurisdiction of the action. Moreover, they argue that judicial decisions have tolled section 583 where it has been impossible, impracticable or futile for the plaintiff to proceed. (*Reserve Ins. Co.* v. *Universal Underwriters Ins. Co.* (1975) 51 Cal.App.3d 57, 61 [123 Cal.Rptr. 763].)

 We conclude that the Legislature did not intend that the time during which a plaintiff obtains a certificate of merit be excluded from the two-year period of section 583. We also decide that it was possible for plaintiffs here to comply with subdivision (b)(3) of section 411.30. (See fn. 2, *ante*.)

At the time of defendants' dismissal motion, section 583, subdivision (a) provided that a court "in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. . . ."[3] Subdivision (f) provided that "[t]he time during which the defendant was not amenable to the process of the court and the time during which the jurisdiction of the court to try the action is suspended shall not be included in computing the time period specified in any subdivision of this section."

Although no reported decisions have interpreted the coincidence of sections 583 and 411.30, we think the language of 411.30 resolves plaintiffs' arguments. Section 411.30 requires a plaintiff alleging a medical malpractice claim to review his case with a medical expert prior to suit and in effect, to refrain from suit unless the expert opines that the action is meritorious. Subdivisions (b)(2) and (b)(3), however, postpone or excuse compliance in two instances. First, if the statute of limitations, including the three-year rule described by former section 581a, threatens plaintiff's action, the attorney shall so declare, serve the complaint, and file a certificate of merit within 60 days of service of the complaint. (Subd. (b)(2).) Second, if the attorney had attempted three times to consult medical experts and none "would agree to such a consultation," compliance is excused. (Subd. (b)(3).)

 The obvious purpose of section 411.30 is to require a plaintiff to obtain independent support of the merits of his action prior to serving defendant. (*Strauch* v. *Superior Court* (1980) 107 Cal.App.3d 45, 49 [165 Cal.Rptr. 552].) Compliance is postponed if the statute of limitations is near, or excused if plaintiff encounters "a conspiracy of silence" from medical experts. If the Legislature had intended that the time during which a plaintiff attempts to obtain a certificate of merit be *excluded* from

---

[3]Similar grounds for dismissal exist now in sections 583.410 and 583.420.

any limitations or dismissal period, it would not have provided subdivision (b)(2), *postponing* the filing of the certificate where plaintiff's action in those circumstances is threatened by dismissal. Moreover, although section (b)(2) excludes the limitations period embraced by section 581a (the three-year period for service and return of summons), (b)(2) does not include the two-year period of section 583, subdivision (a). Had the Legislature meant to include section 583, subdivision (a) within subdivision (b)(2), it would have done so.

We also think that plaintiffs' attorney could have filed a declaration under subdivision (b)(3) since Burlison's and Keough's declarations stated that Keough had contacted experts who were unwilling to "get involved." ■ The exception of subdivision (b)(3) obviates the requirement of a certificate where plaintiff confronts reluctant experts and is applicable here. Were the rule as plaintiffs contend, a plaintiff with an unlikely claim could toll the running of all limitations statutes while he relentlessly searched for the elusive favorable opinion. That is not the law.

## II.

■ Plaintiffs also contend the trial judge abused his discretion in dismissing their action. We disagree because the trial judge's decision was reasonable in view of defendants' inability to make discovery, interview witnesses and preserve evidence during the nearly three years before plaintiffs served defendants with the complaint. (*Longshore* v. *Pine* (1986) 176 Cal.App.3d 731, 735 [222 Cal.Rptr. 364]; *Luti* v. *Graco, Inc., supra,* 170 Cal.App.3d 228, 233.)

■ A reviewing court will not substitute its opinion for that of the trial court when reviewing a motion to dismiss under former section 583. The appellant bears the burden of establishing an abuse of discretion amounting to a miscarriage of justice. (*Blank* v. *Kirwan, supra,* 39 Cal.3d 311, 331.) Plaintiffs have not met that burden.

Our Supreme Court has held that a plaintiff must prosecute his action with diligence and promptness. (*Id.,* at p. 332.) Although prejudice accruing to a defendant may be a factor in determining a motion to dismiss, the "'. . . policy underlying section 583 is not grounded solely in prejudice caused by delay to a defendant.'" (*Blank, supra,* p. 332.) Indeed in certain circumstances, prejudice may be presumed: "[A] court does not abuse its discretion in presuming prejudice where a delay in service of the summons and complaint is prolonged and unjustified and defendants had no actual knowledge of the existence of the action . . . ." (*Luti* v. *Graco, Inc., supra,* 170 Cal.App.3d 228, 238; *Longshore* v. *Pine, supra,* 176 Cal.App.3d 731,

735.) Delay in effecting service proves especially detrimental to a defendant since he may not be able to effect discovery, interview witnesses and preserve essential evidence. (*Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 402-403 [153 Cal.Rptr. 912].) Moreover, the memories of witnesses fade with the passage of time. (*Ibid.*)

We have examined the order dismissing plaintiffs' complaint, and the moving and opposing declarations, with close review as suggested in *Luti, supra,* page 232. Defendants have declared actual prejudice due to the unavailability of certain witnesses having personal knowledge of plaintiff's surgery and recuperation. Although alerted to the actual lawsuit by the notice of intent to sue, plaintiffs' attorney refused to provide medical authorizations to permit defendants to make discovery. Unlike the defendants in *Hilburger* v. *Madsen* (1986) 177 Cal.App.3d 45, 50 [222 Cal.Rptr. 713], the defendants here were prejudiced. In *Hilburger,* defendants' insurance carrier investigated the claim against defendants and engaged in settlement negotiations despite lack of service of the complaint upon the defendants. Moreover, here, plaintiffs' attorney could have filed a certificate of merit under subdivision (b)(3) of section 411.30 near the time of the filing of the initial complaint. The trial judge properly found that the two and one-half year pursuit of a favorable expert opinion did not justify the delay.

## III.

Plaintiffs also contend that section 411.30, as applied with former section 583, subdivision (a), denies them the equal protection of the laws under the federal and California Constitutions. We disagree and hold that section 411.30 is rationally related to the legitimate legislative purpose of ameliorating a malpractice insurance crisis.

Section 411.30, enacted in 1978, represents an attempt to curtail frivolous and insubstantial medical malpractice suits by requiring that the claimant file a certificate of merit prior to service of suit.[4] Section 411.30 followed the Medical Injury Compensation Reform Act of 1975 (MICRA), legislation that in part sought to reduce the cost and increase the efficiency of medical malpractice litigation by revising the law pertaining to such litigation. (*American Bank & Trust Co.* v. *Community Hospital, supra,* 36 Cal.3d 359, 363-364.)

Under traditional equal protection analysis, the court must consider the correspondence between the classifications created by the legislation and

---

[4]A similar statute concerning an architect's, professional engineer's, or land surveyor's malpractice is found in section 411.35.

the goals of that legislation. (*Fein* v. *Permanente Medical Group* (1985) 38 Cal.3d 137, 163 [211 Cal.Rptr. 368, 695 P.2d 665].) Our Supreme Court has upheld the classifications created by MICRA because those classifications were related to a rational and legitimate legislative objective. (*Fein, supra,* pp. 161-162; *American Bank, supra,* p. 373.)

The retention of adequate medical care and the preservation of adequate and reasonable insurance coverage are reasonable legislative goals. (*Barme* v. *Wood* (1984) 37 Cal.3d 174, 180 [207 Cal.Rptr. 816, 689 P.2d 446].) The Legislature could properly restrict the necessity of filing a certificate of merit to malpractice cases because of the problems in that field. Moreover, the Legislature has the power to fix reasonable time limits for the filing and prosecution of suit. (*Muller* v. *Muller* (1960) 179 Cal.App.2d 815, 819 [4 Cal.Rptr. 419].) The Legislature may require a plaintiff to diligently prosecute his action within two years of filing suit (*Muller, supra,* p. 819) and may impose the further requirement of a certificate of merit prior to service of the summons and complaint upon defendant.

We think a certificate of merit could reasonably be applied across the entire tort system. The equal protection guarantees, however, do not restrict the Legislature from implementing a reform "'one step at a time' [Citation.]." (*American Bank, supra,* p. 371.)

IV.

Plaintiffs last contention is that defendants Roses, Clark and Sansum Medical Clinic failed to give the 45 days' notice required by California Rules of Court, rule 373, prior to joining in the motion to dismiss filed by the remaining defendants. ▮ We disagree and hold that plaintiffs waived their right to demand 45 days' notice by appearing and defending the motion upon its merits. (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 27 [210 Cal.Rptr. 762, 694 P.2d 1134]; *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 561 [194 Cal.Rptr. 773, 669 P.2d 9].)

The purpose of the 45 days' notice is to allow a plaintiff sufficient time to complete his pretrial preparation and to set his case for trial. (*Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701, 705 [102 Cal.Rptr. 190].) The purpose of the rule is satisfied when a plaintiff appears, opposes the motion and fails to object to the defective notice. (*Wilson, supra,* p. 561; *Farrar, supra,* p. 705.) "It is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of the motion. [Citations.]." (*Tate* v. *Superior Court* (1975) 45 Cal.App.3d 925, 930 [119 Cal.Rptr. 835].)

Accordingly, the judgment is affirmed.

Stone, P. J., and Abbe, J., concurred.