198 Cal.App.3d 598 (1988)
243 Cal. Rptr. 810
WILLIAM EDWARD SCHUMPERT, Plaintiff and Appellant,
v.
TISHMAN COMPANY et al., Defendants and Respondents.
Docket No. B026932.
Court of Appeals of California, Second District, Division Two.
February 11, 1988.
*601 COUNSEL
John H. Mitchell for Plaintiff and Appellant.
Smylie & Selman and John C. Wallace for Defendants and Respondents.
OPINION
COMPTON, Acting P.J.
Plaintiff William Schumpert appeals from an order of dismissal entered pursuant to Code of Civil Procedure section 583.420, subdivision (a)(1)[1] for failure to serve defendants within two years of commencing the action. We affirm.
The relevant facts may be briefly summarized as follows. While working at a construction site on November 30, 1982, plaintiff was injured when heavy winds allegedly caused an unsecured panel of corrugated steel decking to fly loose and strike him on the face and back. On November 1, 1983, he filed a complaint for damages naming Tishman Construction Corporation (Tishman) and Western Erectors as the only two defendants. (1), (2) (See fn. 2.) Plaintiff made no effort to serve either defendant until October 1986, some two years and eleven months after initiating suit.[2]
*602 Defendants subsequently moved to dismiss, claiming that the delay in service had adversely affected their ability to marshal evidence and prepare a credible defense. Plaintiff's trial counsel responded that all percipient witnesses were still available and admitted that he himself had caused the delay by inadvertently failing to monitor his files. After hearing argument and taking the matter under submission, the trial court concluded that plaintiff had failed to establish good cause for the belated service and ordered the matter dismissed for want of prosecution. This appeal follows.
(3a) In urging us to reverse and remand, plaintiff argues that the trial court abused its discretion by dismissing the action without requiring either defendant to demonstrate that it suffered actual prejudice as a result of the delay. He further asserts that, in any event, it would have been impossible for defendants to make such a showing because of the congested condition of the court's calendar. Neither contention is persuasive.
At the outset, we observe that the issues raised by this appeal are anything but unique. They constitute familiar terrain over which we have traveled on numerous occasions. In Longshore v. Pine (1986) 176 Cal. App.3d 731 [222 Cal. Rptr. 364], we rejected arguments similar to those advanced here and held that a defendant need not make an affirmative showing of prejudice in order to be entitled to a dismissal for the plaintiff's failure to effect service within the statutory period. Today, under the facts of the present case, we reaffirm that holding.
(4) It has been aptly remarked that section 583.420 and the other dismissal-for-delay statutes serve a dual purpose: "[O]ne is effectually the same *603 as that of statutes of limitations  they are both statutes of repose, seeking to discourage stale claims `to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' [Citations.] Secondly, the dismissal section is designed to compel reasonable diligence in the prosecution of actions, thereby expediting the administration of justice. [Citations.]" (Dunsmuir Masonic Temple v. Superior Court (1970) 12 Cal. App.3d 17, 22-23 [90 Cal. Rptr. 405]; see also Blank v. Kirwan (1985) 39 Cal.3d 311, 332 [216 Cal. Rptr. 718, 703 P.2d 58]; Lopez v. Larson (1979) 91 Cal. App.3d 383, 400 [153 Cal. Rptr. 912].) Balanced against these considerations is, of course, the strong public policy which seeks to dispose of litigation on the merits rather than on procedural grounds. (Code Civ. Proc., § 583.130; Denham v. Superior Court (1970) 2 Cal.3d 557, 566 [86 Cal. Rptr. 65, 468 P.2d 193].) Although that policy is generally viewed as more compelling than the one seeking to promote prompt prosecution (see Denham v. Superior Court, supra, at p. 566; Wilson v. Sunshine Meat & Liquor Co. (1983) 34 Cal.3d 554, 562 [194 Cal. Rptr. 773, 669 P.2d 9]), it will not prevail unless the plaintiff meets his burden of establishing excusable delay. (Salas v. Sears, Roebuck & Co. (1986) 42 Cal.3d 342, 347 [228 Cal. Rptr. 504, 721 P.2d 590].)
(5) While it is true that an order granting a motion to dismiss for dilatory prosecution will be more closely scrutinized on review than one denying the motion (Corlett v. Gordon (1980) 106 Cal. App.3d 1005, 1013 [165 Cal. Rptr. 524]; Daley v. County of Butte (1964) 227 Cal. App.2d 380, 389-390 [38 Cal. Rptr. 693]), the trial court nevertheless exercises a wide discretion in ruling on such a motion and its determination will be reversed only upon a showing of manifest abuse of discretion resulting in a miscarriage of justice. (Blank v. Kirwan, supra, 39 Cal.3d 311, 331; Sanborn v. Chronicle Pub. Co. (1976) 18 Cal.3d 406, 416-417 [134 Cal. Rptr. 402, 556 P.2d 764]; Denham v. Superior Court, supra, 2 Cal.3d 557, 563-564; Longshore v. Pine, supra, 176 Cal. App.3d 731, 736-737; San Ramon Valley Unified School Dist. v. Wheatley-Jacobsen, Inc. (1985) 175 Cal. App.3d 1050, 1053-1054 [221 Cal. Rptr. 342].) (6) "`The burden is on the party complaining to establish an abuse of discretion....'" (Denham v. Superior Court, supra, at p. 566.)
(7) In our case, the trial court determined that the delay in service of the complaint was inexcusable, and we have no basis to conclude otherwise. The declaration of plaintiff's trial counsel provides little justification for the failure to serve either defendant for almost three years after the complaint was filed, and some four years after the accident. Even a cursory review of the record makes it clear that counsel did not act with all reasonable diligence in moving the case forward. The principal explanation for the delay *604 was that the press of other business somehow prevented the complaint from being served.[3] While we are not unmindful of the realities of our legal system and recognize that calendaring errors frequently do occur, counsel for the plaintiff is charged with the specific duty "to keep track of the calendar and the pertinent dates which are crucial to maintenance of his lawsuit...." (Minkin v. Levander (1986) 186 Cal. App.3d 64, 69 [230 Cal. Rptr. 592]; see also Corlett v. Gordon, supra, 106 Cal. App.3d 1005, 1014-1015.) Here, plaintiff's attorney expressly admitted that he neglected to examine his file in this matter for nearly three years and did not discover his failure to associate outside counsel until the statutory period was about to expire. Under the circumstances, the trial court correctly found that plaintiff had not made an adequate showing to justify the inordinate delay in service of the complaint.[4]
(3b) Despite his inability to demonstrate excusable delay, plaintiff maintains that he is entitled to a reversal because defendants made no showing of prejudice other than the failure of memories that occur in any case as it proceeds to trial.[5] Defendants assert, however, that they may rely upon the *605 principle that prejudice is inherent in protracted delay and will be presumed when such delay is unjustified.
(8) Although the issue raised here has received considerable attention in recent years, the appellate courts of this state have remained divided as to whether a discretionary dismissal must be supported by an affirmative showing of prejudice. Foremost among the cases advancing the motion that actual prejudice must always be shown is Hurtado v. Statewide Home Loan Co. (1985) 167 Cal. App.3d 1019 [213 Cal. Rptr. 712], where the court held that the sanction of dismissal may not be imposed absent some proof that a plaintiff's delay has constrained the defendant's ability to defend against the allegations of the lawsuit. (Id. at p. 1030.) Hurtado and its progeny (see Troupe v. Courtney (1985) 169 Cal. App.3d 930 [215 Cal. Rptr. 703]; Luti v. Graco, Inc. (1985) 170 Cal. App.3d 228 [215 Cal. Rptr. 902]) were impliedly overruled, however, when the Supreme Court in Blank v. Kirwan, supra, 39 Cal.3d 311, affirmed a discretionary dismissal despite no showing of actual prejudice. The plaintiff in Blank had done virtually nothing to prosecute his action for nearly three and a half years. Responding to the argument that the defendants had not been prejudiced, the court reasoned: "[E]ven if they have not, `[t]he legislative policy underlying [former] section 583 is not grounded solely in prejudice caused by delay to a defendant. Its purpose, too, is to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence.' (Sprajc v. Scandinavian Airlines System, Inc. (1966) 240 Cal. App.2d 935, 938 [50 Cal. Rptr. 181]; accord, Lopez v. Larson (1979) 91 Cal. App.3d 383, 400 [153 Cal. Rptr. 912]; Dunsmuir Masonic Temple v. Superior Court (1970) 12 Cal. App.3d 17, 22-23 [90 Cal. Rptr. 405].)" (Id. at p. 332.)
We note here that each of the cases cited by the Supreme Court in support of its holding expressly rejected the claim that prejudice must be shown where there has been an unjustified delay in service of the summons and complaint. Among those cases, Lopez v. Larson, supra, 91 Cal. App.3d 383, is of particular significance because of its statement that delay in effecting service constitutes a particularly pernicious form of delay. The court pointedly observed that without awareness of a pending suit, the passage of time may effectively preclude a defendant from "making discovery, interviewing witnesses and preserving evidence essential to his defense." (Id. at p. 403.)
Relying on Blank, and the authorities cited therein, we held in Longshore v. Pine, supra, that an unexcused delay of almost three years in serving the *606 complaint justified dismissal of the action even though the defendant could not demonstrate how it had been injured by plaintiff's dilatory tactics. Since our decision, other courts have recognized that the Hurtado rationale is irreconcilable with Blank and should not be followed. (See, e.g., Dick v. Superior Court (1986) 185 Cal. App.3d 1159, 1166-1167 [230 Cal. Rptr. 297]; Adams v. Roses (1986) 183 Cal. App.3d 498, 505-506 [228 Cal. Rptr. 339]; Hilburger v. Madsen (1986) 177 Cal. App.3d 45, 51-52 [222 Cal. Rptr. 713].) At the same time, each of these cases acknowledges that lack of prejudice to a defendant remains a valid consideration even after Blank where the plaintiff has acted diligently from the outset. (Ibid.) Indeed, rule 373(e) of the California Rules of Court[6] requires the trial court to balance a variety of factors in determining whether an action should be dismissed for want of prosecution. (See Salas v. Sears, Roebuck & Co., supra, 42 Cal.3d 342, 346; Wilson v. Sunshine Meat & Liquor Co., supra, 34 Cal.3d 554, 561.)
(3c) In the case at bench, we need not be concerned that defendants failed to make an affirmative showing of prejudice in light of plaintiff's inability to justify the lengthy delay in serving the complaint. While it may be true that the witnesses to the accident remain available for questioning, as plaintiff claims, the argument fails to acknowledge that the delay in effecting service denied defendants the opportunity to question the witnesses and preserve their testimony before their recollections became blurred by time. A presumption of prejudice is particularly apt in a negligence case such as this where much turns on the actions and omissions of the various parties involved, and the extent to which they or others recall the events giving rise to plaintiff's injuries. Because nearly four years passed between the date of the accident and service of the complaint, defendants effectively lost the ability to gather relevant physical evidence and conduct meaningful discovery. It is no answer to say that court congestion would have made it impossible to try the action in any event before the expiration of the statutory period. The condition of the court's calendar is simply irrelevant to overcoming the prejudice caused by an unexcused delay in service under section 583.420, subdivision (a)(1). (Longshore v. Pine, supra, 176 *607 Cal. App.3d 731, 738.) To accept plaintiff's argument would, in effect, reward unreasonable procrastination to the detriment of defendants. This we refuse to do.
Having found that plaintiff failed to move his case forward with all deliberate speed and that the law will presume injury from unreasonable delay, we can only conclude that the trial court acted well within its discretion when it granted the motion to dismiss.
The order of dismissal is affirmed.
Gates, J., and Fukuto, J., concurred.
NOTES
[1] Code of Civil Procedure section 583.420 provides in pertinent part: "(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred: (1) Service is not made within two years after the action is commenced against the defendant."

The foregoing section should be read in conjunction with Code of Civil Procedure section 583.410, which states: "(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case. [¶] (b) Dismissal shall be pursuant to the procedure and in accordance with the criteria prescribed by rules adopted by the Judicial Council." (See California Rules of Court, rule 373(e).)
All further references are to the Code of Civil Procedure unless otherwise indicated.
[2] Following service of summons, the complaint was amended so as to substitute a named party for a fictitious Doe defendant. That defendant is not a party to this appeal.

At oral argument, plaintiff filed an application to produce additional evidence pursuant to Code of Civil Procedure section 909 and rule 23 of the California Rules of Court, namely, that defendant Western Erectors was served with summons on July 9, 1984, well within the statutory period prescribed in section 583.420, subdivision (a)(1). Plaintiff's counsel allegedly discovered this additional evidence as the result of searching his files only hours before arguing the case before this court. That search produced a return to the summons that counsel claims was served on defendant in mid-1984. We deny the application.
No rule of appellate practice is more firmly established than that which precludes a reviewing court from considering evidence which was not presented to or passed upon by the trial court. (See Oldenkott v. American Electric, Inc. (1971) 14 Cal. App.3d 198, 207 [92 Cal. Rptr. 127], and cases cited therein.) Our review is confined to the proceedings which occurred in the court below and are brought up for review in a properly prepared record on appeal. Although appellate courts are authorized to make findings of fact under section 909, that power is to be exercised sparingly. (Tyrone v. Kelley (1973) 9 Cal.3d 1, 13 [106 Cal. Rptr. 761, 507 P.2d 65].) Absent exceptional circumstances, no such findings should be made. (Ibid.)
Here, of course, there has been no showing of exceptional circumstances. Plaintiff has made no attempt to explain why he could not have made his purported discovery of new evidence at or before the hearing on the motion to dismiss in the trial court. Moreover, we have examined the superior court file and found no indication that plaintiff filed a return of the 1984 summons with the clerk of the court as required by section 417.30, subdivision (a). Service on that defendant, therefore, did not occur until October 28, 1986.
[3] In one of his declarations submitted to the trial court, counsel stated: "... I am a sole practitioner and at all times that I represented [plaintiff], I was carrying a workload of over 100 cases. [¶] ... [I]n an attempt to alleviate my workload, I associated another law firm, which became responsible for certain cases. I thought that they [were] handling the Schumpert case but, in fact, they were not, which fact I discovered when the case came up on my calendar for the three (3) year service of process deadline."
[4] As we recently noted in Minkin v. Levander, supra, 186 Cal. App.3d 64, 72: "... [T]he cases are all too frequent where laymen are foreclosed from their day in court by the actions of their counsel in whom they have placed their trust. The law, however, must impute the actions of the attorney to the client who retained him unless his neglect was so inexcusable and extreme as to constitute positive misconduct. [Citation.]" On the basis of the record before us we cannot conclude that counsel's acts and/or omissions were tantamount to positive misconduct entitling plaintiff to any relief in this case.
[5] Although defendant Tishman relied on a presumption of prejudice in its motion to dismiss, codefendant Western Erectors asserted that it had suffered actual detriment because of the delay in service. Counsel's declaration filed in support of the motion to dismiss states in pertinent part: "... WESTERN ERECTORS, INC. is no longer an active corporate entity in the State of California. It no longer employs any persons at all, much less those individuals who were employed at the time of the accident complained of herein. It is currently unknown whether or not any records of WESTERN ERECTORS, INC. concerning the within accident still exist, and if so, where they are maintained. [¶] The length of time between filing of the complaint in this action and service of process upon this defendant, being almost Three (3) years, will prevent WESTERN ERECTORS, INC. from preparing a complete and adequate defense, to the prejudice of said Defendant." In a subsequent declaration, defense counsel added: "At my request, my clients have searched their records for any documents relating to the alleged accident. To date, no records have been located. If this action had been served in closer proximity to the date of the alleged accident, my clients' files may have been more complete, assuming such records existed."

On the basis of the foregoing, plaintiff argues that Western Erectors' assertion of prejudice rests on impermissible hearsay and conjecture. While defendant's showing may be sufficient to establish actual prejudice, we need not resolve that issue in order to affirm the trial court's order dismissing the action. (See discussion, infra.)
[6] Rule 373(e) provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue...."