[No. C006098. Third Dist. May 5, 1989.]

TRAILMOBILE, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY,
Respondent;
NANCY BELL, Real Party in Interest.

**COUNSEL**

Norman V. Prior and Porter, Scott, Weiberg & Delehant for Petitioner.

No appearance for Respondent.

Michael A. Sawamura and Brookman & Hoffman for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.**—Trailmobile, Inc. (defendant) moved the trial court for an order dismissing the complaint on the grounds that service was not accomplished within two years after commencement of the action. (See Code Civ. Proc., §§ 583.410, 583.420, subd. (a)(1).) The superior court denied the motion and a request for reconsideration, thereby precipitating defendant's petition to this court. Because we find merit in defendant's assertion that the superior court erred in denying his original motion, we need not consider the issues relating to its refusal to reconsider, or the additional evidence submitted in conjunction with that subsequent motion.

Defendant's showing in support of its motion was as follows: Plaintiff Nancy Bell was injured on December 20, 1983, when a forklift she was driving fell through the floor of a trailer she was loading. The accident occurred in the course of plaintiff's employment at Sharpe Army Depot. A complaint was filed on December 13, 1984, against defendant and Delta Lines, which owned and operated the trailer. The complaint also named California Motor Express as a defendant. On December 20, 1984, a first amended complaint was filed with no change in parties. However, neither the original or amended complaint was served on defendant until March 27, 1987, a delay of approximately 27 months. During this hiatus, no discovery or settlement negotiations were undertaken between plaintiff and the defendant.

In addition, it is undisputed that during the time between commencement of the action and service of process, Delta Lines filed for bankruptcy, and its assets, including the trailer involved in plaintiff's accident, were liquidated. Declarations were submitted in support of the motion to dismiss indicating that after defendant was served, it attempted to locate the trailer, but met with no success.

Defendant also noted that its answer was filed on April 28, 1987, and shortly thereafter it commenced discovery. However, it was not until July 7, 1988, that plaintiff first sought discovery from defendant. Plaintiff did eventually file an at-issue memorandum but not until October 13, 1988, one day after defendant's motion to dismiss was filed.

In opposition to the motion to dismiss, plaintiff attempted to establish that the delay in service was reasonable and justifiable. She relied primarily on her attorney's declaration, in which he made numerous general comments about the nature of the litigation not obviously pertinent to the issue. In our view, only limited portions of counsel's statement are relevant to the question of whether dismissal was warranted.

First, counsel argued that defendant had "notice" of his client's claim as early as July 1985, when defendant's corporate offices in Chicago, Illinois, received a letter from Delta Line's insurance carrier listing several claims against Delta for which subrogation might be sought because they all arose out of collapses in the floors of trailers manufactured by Trailmobile. Second, counsel presented evidence that after being served with defendant's dismissal motion, he was able to ascertain in less than a week from Delta Line's insurance carrier that during the bankruptcy proceedings the trailer allegedly involved in plaintiff's accident had been sold to a John Dalton of Mammond, Wisconsin. Counsel also referred to unexplained "difficulties" in obtaining unspecified "information" from Sharpe Army Depot. How-

ever, none of the supporting papers revealed any efforts to obtain data from Sharpe during the 27 months between commencement and service of process. Finally, counsel stated he had been diligently conducting informal settlement discussions with Delta and alleged that Delta in turn had been negotiating with defendant.

In a reply to plaintiff's trial court opposition defendant attempted to rebut some of these points. The reply declarations further detailed defendant's unsuccessful efforts to locate the elusive trailer, and averred that John Dalton, the supposed purchaser thereof, had been contacted in Wisconsin and disclaimed any knowledge of its existence or whereabouts.⁴

Furthermore, counsel for defendant denied that any settlement negotiations had been conducted between his client and either plaintiff or Delta.

Code of Civil Procedure sections 583.410 and 583.420, subdivision (a)(1), authorize the trial court, in its discretion, to dismiss an action when service of process has not been made within two years after commencement. In exercising this discretion, the trial court is to consider the criteria prescribed by the Judicial Council in California Rules of Court, rule 373(e).

■ A reviewing court generally will not substitute its judgment for that of the trial court in the absence of a clear abuse of discretion, and the burden is on the petitioner to establish such abuse. (See *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58]; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193]; *Longshore* v. *Pine* (1986) 176 Cal.App.3d 731, 736 [222 Cal.Rptr. 364].) However, " '[a]lthough discretion is vested in the trial judge, that discretion is not unfettered. It cannot be exercised arbitrarily, but must be an impartial discretion to be exercised in conformity with the spirit of the law and in a manner to subserve the ends of substantial justice.' [Citation.]" (*Longshore* v. *Pine, supra,* at p. 737.)

■ In our review of the order denying dismissal, we are mindful of the general policy favoring trial on the merits over termination of a case on procedural grounds. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 347 [228 Cal.Rptr. 504, 721 P.2d 590].) But that principle cannot be indiscriminately applied so as to render impotent the provisions of section 583.420. The statutory provisions permitting discretionary dismissal when the plaintiff is not diligent in prosecuting the action serve the dual purpose of discouraging stale claims and expediting the administration of justice. (See *Blank* v. *Kirwan, supra,* 39 Cal.3d at p. 332; *Schumpert* v. *Tishman Co.* (1988) 198 Cal.App.3d 598, 603 [243 Cal.Rptr. 810].) ■ Thus, to avoid dismissal, a plaintiff who has delayed prosecution beyond the discretionary

deadlines must make some showing that the lack of activity was excusable. (See *Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at p. 347; *Schumpert* v. *Tishman Co., supra,* 198 Cal.App.3d at p. 603; *Dunsmuir Masonic Temple* v. *Superior Court* (1970) 12 Cal.App.3d 17, 21 [90 Cal.Rptr. 405].)

██ We conclude that plaintiff failed to carry this burden. While counsel set forth numerous rationales for the delay in service, none of them bears a logical connection to the failure to comply with the statutory requirement that actions be diligently pursued. Counsel's claim that he had difficulty gathering information from Sharpe Army Depot is insubstantial for several reasons. First, as previously noted, he presented no evidence that any of these "discovery" efforts was made during the time between commencement and service. Thus, they do not provide a justification for the lack of action. Second, plaintiff fails to explain how this alleged "difficulty" in gathering information, even if it occurred at a relevant time, precluded giving defendant formal notice of the lawsuit against it. As the court explained in *County of Los Angeles* v. *Superior Court* (1988) 203 Cal.App.3d 1205, at page 1209 [250 Cal.Rptr. 481], delays in discovery are not generally a valid excuse for failure to serve process on a named defendant. (See Code Civ. Proc. § 583.240, subd. (d).)

We are similarly unimpressed by plaintiff's vague references to settlement negotiations with Delta. The lack of specificity as to the dates, persons involved, and substance of any such talks renders counsel's assertions essentially worthless as a rationale for dilatory conduct in regard to this defendant. Furthermore, we are concerned here with plaintiff's diligence vis-à-vis defendant Trailmobile, not Delta. We are aware of no authority for the proposition that settlement discussions with one party relieve a plaintiff of the obligation to serve process on other known and available defendants with whom no contacts have been made.

*Rim Forest Lumber Co.* v. *Woodside Construction Co.* (1987) 190 Cal.App.3d 454 [235 Cal.Rptr. 443], which plaintiff cites as sanctioning delay in prosecution against one defendant when the action is being diligently pursued against others, is not helpful to her cause. First, *Rim Forest Lumber* dealt with Code of Civil Procedure former section 583, subdivision (a) which permitted discretionary dismissal when a case was not brought to trial within two years. (190 Cal.App.3d at p. 459.) There was no question there of failure to effect service of process, a distinction which is significant. It has been frequently stated that such delay is "particularly pernicious" because of the potentially harmful consequences to an unknowing defendant's ability to preserve evidence and conduct formal discovery. (*Schumpert* v. *Tishman Co., supra,* 198 Cal.App.3d at p. 605.) Furthermore, in contrast to this case, *Rim Forest Lumber* was a complex litigation involving 70

causes of action and over 50 defendants, and counsel for plaintiff submitted detailed declarations which established that extensive settlement efforts had been pursued with many parties, including those seeking dismissal. (190 Cal.App.3d at p. 461, fn. 9, pp. 463-464.)

■ Plaintiff and the trial court in denying the motion to dismiss, gave much weight to the purported "notice" of the claim defendant received from Delta Lines' insurer in July, 1985. In doing so, they ignored a clear line of authority holding that mere awareness of an incident or a potential monetary claim does not constitute a substitute for actual notice that litigation has been commenced. For instance, in *County of Los Angeles* v. *Superior Court, supra,* 203 Cal.App.3d at pages 1211-1212, the court rejected a contention that filing a government tort claim, which would presumably contain far more detail than the communication received by defendant Trailmobile in this case, excused an otherwise unexplained delay in service. Mere knowledge of the injury or claim is irrelevant when the defendant is unaware of the lawsuit. It is the duty of the plaintiff to prosecute his case within the time permitted by statute, and the defendant is under no compulsion to act until informed of the legal proceedings. (*Ibid.,* and see *Black Bros. Construction Co.* v. *Superior Court* (1968) 265 Cal.App.2d 501, 506-508 [71 Cal.Rptr. 344].) The most obvious justification for this principle is that, until the complaint is served, a defendant is unable to take advantage of formal discovery devices such as depositions, interrogatories, and requests for admissions and documents.

The argument that defendant is not entitled to the benefits of Code of Civil Procedure section 583.420 because it received, in 1985, a notice that an unidentified person had been injured while loading a trailer it had manufactured, is in one sense a plea that dismissal be denied because no prejudice was incurred as a result of the delay in service. (See *County of Los Angeles* v. *Superior Court, supra,* 203 Cal.App.3d at p. 1211.) In that aspect, it is related to the parties' dispute over whether the particular trailer has become impossible to locate, thereby depriving defendant of the ability to examine the key item of physical evidence in the case. ■ While we are not satisfied that either party has made a sufficient showing in support of its position regarding the availability of the trailer to enable a court to determine the question, we need not resolve that conflict in order to find that dismissal is required. It is now established beyond doubt that where there has been a protracted and unexplained delay in service, the defendant need not make an affirmative showing of prejudice. Rather, prejudice is inferred from the delay itself. (*County of Los Angeles* v. *Superior Court, supra,* 203 Cal.App.3d at pp. 1210-1211; *Schumpert* v. *Tishman Co., supra,* 198 Cal.App.3d at pp. 604-606; *Longshore* v. *Pine, supra,* 176 Cal.App.3d at pp. 734-736.) While lack of prejudice may be a factor to weigh when the

plaintiff has otherwise been diligent in prosecuting his or her action (see *Schumpert, supra,* at p. 606) that is manifestly not the case here.

 Finally, when the factors enumerated in California Rules of Court, rule 373 (e), are considered, the balance does not weigh in plaintiff's favor. There is no claim that any parties were not available for service, nor were there any settlement negotiations or discovery directed toward defendant Trailmobile until long after the two-year period permitted for service of process had expired. The case does not appear to present any notably complex legal or factual problems, and plaintiff made no discernible effort to prosecute his case against this defendant for 27 months after the complaint was filed. We have no doubt that justice is best served by a dismissal of this action.

We have notified the parties that we were considering issuance of a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) The time within which to file further opposition has expired. Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying the motion to dismiss and enter a new order granting that motion and dismissing the action against defendant Trailmobile. Plaintiff's demurrer to the petition is overruled and her motion to dismiss is denied. Upon this decision becoming final, the stay previously issued is vacated.

Blease, J., and Scotland, J., concurred.