Filed 11/3/23  P. v. Sandoval-Lopez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| RAMON ALBERTO SANDOVAL-LOPEZ, | D081089 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2017-00023697-CU-PO-CTL) |
| JOSE DANIEL GOMEZ, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, John Meyer, Judge.  Affirmed.

Felipe D. Hueso, APLC and Felipe D. Hueso for Plaintiff and Appellant.

Law Office of J. Carlos Fox and J. Carlos Fox for Defendant and Respondent.

Plaintiff and appellant Ramon Alberto Sandoval-Lopez[1] appeals a judgment entered after the trial court treated respondent Jose Daniel Gomez's demurrer to Ramon's complaint as a motion to dismiss and granted it without leave to amend. Ramon's sole argument is that the court erroneously failed to grant him leave to amend his complaint. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2017, Ramon filed the underlying civil complaint in the San Diego Superior Court against Gomez, Manuel Antonio, Cruz Sandoval, and Victoria Lugo. The parties do not include a copy of the complaint in the record, but we glean from the demurrer that Ramon alleged causes of action for negligence, violation of the Uniform Fraudulent Transfer Act, and "civil conspiracy." He also sought declaratory relief.

Gomez demurred to all causes of action and submitted a supporting declaration, arguing for dismissal of the entire case because Ramon failed to comply with Code of Civil Procedure[2] sections 583.210, subdivision (a) and 583.420, subdivision (a)(2)(A), as Ramon did not serve the summons and complaint on Gomez within three years of its filing. Specifically, Ramon filed the complaint in June 2017, and served it on Gomez in November 2021.

Gomez also argued the court should dismiss each cause of action because Ramon failed to plead the essential elements of negligence, violation of the Uniform Fraudulent Transfer Act, and declaratory relief. Gomez argued no "civil conspiracy" cause of action exists in California. Gomez

---

[1]    As Ramon and one of the defendants, Manuel Antonio Sandoval-Lopez, share the same surname, we refer to them by their first names to avoid confusion, and intend no disrespect.

[2]    Undesignated statutory references are to the Code of Civil Procedure.

2

further argued all of the causes of action sounded in fraud, but Ramon failed to comply with California's enhanced pleading standards.

Ramon opposed the demurrer, arguing civil conspiracy is a valid cause of action in California, and the court should not consider Gomez's declaration. Ramon requested leave to amend the complaint "to allege, inter alia, that [Gomez] contributed to his not being found within the three years in question. He should not be allowed to profit from intentionally avoiding service if this is pled and proven." Ramon likewise argued: "During the pendency of this case [California] experienced [COVID-19]. Based on this alone, extreme and unusual circumstances have resulted. Plaintiff should be allowed to plead and prove how this has affected his task of prosecuting this case. It is possible that Emergency Rules 9 and 10 may be relevant in this regard."

The court construed the demurrer as a motion to dismiss and granted it with prejudice as to the entire complaint, which it dismissed as to Gomez. It rejected Ramon's request for leave to amend: "[T]here is no evidence that [Ramon] was reasonably diligent in attempting to serve Gomez or that Gomez was in fact avoiding service. Moreover, the 'current controlling statute does not excuse failure of service within three years based on defendants' absence from the state or concealment, but only when they are not amenable to the court's process,' which means the period of time the defendant is 'outside the jurisdiction of the court.' [Citations.] Gomez is a resident of San Diego and the conveyance at issue involved a parcel located in San Diego. There is no basis for concluding that Gomez was not subject to the court's jurisdiction. [¶] [Ramon] also argues that Emergency Rules 9 and 10 may excuse his failure to serve Gomez within three years. Emergency Rule 9 tolled the statutes of limitations and repose for civil causes of action. Emergency Rule

3

10 extended the time in which a civil action must be brought to trial. Neither extended the time in which the summons and complaint must be served."

DISCUSSION

Ramon does not dispute that, as stated above, he filed his complaint in June 2017, but only served it on Gomez in November 2021, which was after the three-year limit for doing so under section 583.210. Rather, he contends "the court erred in not permitting [him] to amend the complaint in order to allege facts under . . . section 583.240[, subdivisions] (a) and (d) and thereby seek relief from the dismissal requirements of . . . section 583.210." (Capitalization omitted.)

A. *Applicable Law and Standard of Review*

Section 583.210 provides: "(a) The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed. [¶] (b) Proof of service of the summons shall be filed within 60 days after the time the summons and complaint must be served upon a defendant."

Section 583.240 provides exceptions to the above three-year time requirement for serving a complaint on a defendant: "In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The defendant was not amenable to the process of the court. [¶] . . . [¶] . . . (d) Service, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision." It was Ramon's burden to establish facts showing that an exception existed to the three-year time requirement, and thus avoid

4

dismissal of the complaint. (*Perez v. Smith* (1993) 19 Cal.App.4th 1595, 1597.)

Under section 583.250, subdivision (b), dismissal is mandatory for failure to make timely service: "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

" 'When faced with a motion to dismiss it is incumbent upon plaintiff to establish reasonable or excusable delay in service. If such a showing is not made, the court may dismiss the action in its discretion even if defendant fails to establish actual prejudice.' " (*Putnam v. Clague* (1992) 3 Cal.App.4th 542, 549.) Even if dismissal is mandated by statute, as in section 583.250, subdivision (b), the trial court has broad discretion in determining whether plaintiff has proved one of the statutory exceptions to the dismissal requirement, such as that it was "impossible, impractical or futile" to effect service. (Section 583.240, subd. (d); *Tresway Aero, Inc. v. Sup. Ct.* (1971) 5 Cal.3d 431, 436–437.)

B. *Analysis*

As Gomez demurred to the complaint instead of bringing a motion to dismiss the complaint for failure to timely serve him under section 583.210, we question whether Ramon was sufficiently put on notice regarding his burden of proof. The fact the court on its own motion treated the demurrer as a motion to dismiss and granted it perhaps compounded Gomez's error. However, we conclude any error was harmless, as Ramon, operating under the criteria related to amending a complaint in the demurrer context, recognized he was required to plead facts to show an exception to section 583.210. Ramon failed to offer to plead facts that the exceptions to delayed service set forth in section 583.240, subdivisions (a) or (d) applied. That is, he

5

has not shown Gomez was not amenable to process of the court, or that service, for any other reason, was impossible, impracticable, or futile due to causes beyond Ramon's control. (Accord, *Longshore v. Pine* (1986) 176 Cal.App.3d 731, 737 ["None of appellant's excuses [in her opposition to the motion to dismiss] contained the sort of specific information regarding delay that would have enabled the court to find that appellant's conduct was reasonable"].)

In addressing the legislative history of section 583.240 to interpret the meaning of the statute's term, " 'not amenable to the process of the court,' " a court concluded "so long as defendants remain within the jurisdiction of the court they are amenable to service of process by any means, including the method of last resort—publication." (*Perez v. Smith, supra,* 19 Cal.App.4th at p. 1598.) The court explained, "[A] finding that a defendant cannot, despite reasonable diligence, be served by one of the preferable methods, i.e., in person, by mail, or by substituted service [citation], is not tantamount to a finding that a defendant is outside the jurisdiction of the court. Service by publication presupposes the defendants are subject to the court's jurisdiction and is employed only after the plaintiff has exhausted all other avenues to discover their whereabouts." (*Ibid.*)

Ramon concedes the court "correctly concluded" that the superior court's emergency COVID-19 rules did not extend the time to serve the summons and complaint. He nonetheless argues the trial court should have allowed him to present allegations as to how the global pandemic affected service of process via amendment of the complaint.

6

Although Ramon relies on those emergency rules, he does not include them in the record.[3]  Even if we were to take judicial notice of the emergency COVID-19 rules, Ramon has not explained how he can allege *facts* demonstrating how or why the COVID-19 pandemic prevented him from complying with the three-year limit for serving the complaint on Gomez as required by section 583.210.  "[V]ague references" to the emergency COVID-19 rules are insufficient; similarly, the "lack of specificity as to the dates, persons involved," and so on renders Ramon's "assertions essentially worthless as a rationale for dilatory conduct in regard to this defendant." (*TrailMobile, Inc. v. Superior Court* (1989) 210 Cal.App.3d 1451, 1456 [finding unavailing plaintiff's claim that settlement negotiations delayed her obligation to serve process because her assertions were lacking in factual specificity].)  On this record, we are compelled to conclude Ramon has not met his burden to show that he satisfied the exception to the three-year requirement for service of his complaint on Gomez.

---

[3]     California Rules of Court, rule 8.204(a)(1)(C) provides that each appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  Courts interpret this rule to mean that the assertions of fact set forth in an appellate brief must be supported by a citation to the part of the record where that fact appears.  (See *Brewer v. Murphy* (2008) 161 Cal.App.4th 928, 936, fn. 4 [defendants' assertion of fact not supported by citation to record].)  Because Ramon fails to cite to the record in violation of this appellate rule, we are entitled to disregard this portion of his brief.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947; *Yeboah v. Progeny Ventures, Inc.* (2005) 128 Cal.App.4th 443, 451.)

In light of the above, we conclude the court did not err in dismissing Ramon's complaint.

## DISPOSITION

The judgment is affirmed.


                                                    O'ROURKE, Acting P. J.

WE CONCUR:


DATO, J.


DO, J.