Filed 1/28/25  Esquire v. Shinsegae CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| BRIAND ESQUIRE, | B328497 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV27853) |
| v. | |
| SHINSEGAE, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gail Killefer, Judge.  Affirmed.

Briand Esquire, in pro. per., for Plaintiff and Appellant.

No appearance by Defendants and Respondents.

We consider whether the trial court abused its discretion in dismissing with prejudice Briand Esquire's (plaintiff's) putative class action complaint because he had not served any of the named defendants in nearly three years since the complaint's filing.

## I. BACKGROUND

In July 2020, plaintiff, on behalf of himself, the general public, and an unidentified class of similarly situated persons, sued seven grocery store enterprises, along with 15 executives and grocery store managers, for "vile" conduct. Other than general facts about the corporate defendants, plaintiff did not identify the specific conduct that allegedly caused damages. Plaintiff sought $999 million in compensatory damages and another $999 million in punitive damages.

Although plaintiff did not allege any specific causes of action in his complaint, he stated on a preprinted Civil Case Cover Sheet form that there were 10 causes of action "give or take." On that form, he also checked the box for "defamation" as the case type that best described his complaint. Plaintiff indicated his action should not be deemed "complex," but he advised the case would involve a large number of separately represented parties, extensive motion practice, and a substantial amount of documentary evidence.

After plaintiff failed to submit a case management statement or appear at a scheduled case management conference, the trial court in February 2021 issued an order to show cause why the case should not be dismissed for failure to comply with case management rules and "failure to serve any Defendants."

The court subsequently continued the hearing on the order to show cause to September 2021, at plaintiff's request.

At the continued management conference and order to show cause hearing, the trial court observed that "there has been no service" in this case. After learning that plaintiff had filed that same day a first amended complaint (the operative pleading), the court continued the management conference and order to show cause hearing for 11 months until August 2022. The court advised plaintiff that if he failed to file proofs of service by that date, the "entire action" may be dismissed.

Plaintiff's amended complaint alleged the defendants had engaged in some unidentified form of "vile" conduct between September 2019 and November 2021. On the caption page of his amended pleading, plaintiff identified more than 30 causes of action,[1] including defamation, slander, libel, fraudulent misrepresentation, negligent misrepresentation, and both intentional and negligent infliction of emotion distress. In the body of the amended complaint, other than facts about general corporate organization, plaintiff did not allege any facts establishing any of his asserted causes of action. Defendant sought $500 million in compensatory damages and $999 million in punitive damages.

At the continued case management conference and order to show cause hearing in August 2022, plaintiff did not appear. The trial court dismissed the amended complaint without prejudice.

Plaintiff then moved to set aside or vacate the dismissal due to "unforeseen medical issues" beyond his control that caused

---

[1]      Some of the causes of action were listed more than once.

him to not appear at the combined hearing (his mother suffered a brain hemorrhage shortly before the August 17 hearing and died days later).  For those same reasons, Plaintiff also moved for reconsideration of the dismissal order due to excusable neglect.

The trial court granted plaintiff's motion to vacate the dismissal of the amended complaint.  The court continued plaintiff's motion for reconsideration to January 2023, and set for the same day a hearing on an "Order to Show Cause re: Proof of Service."  The minute order issued in connection with the hearing states the court advised plaintiff that "[i]f Defendants are not served by 1/13/2023, the case will be dismissed."

On January 13, 2023, plaintiff filed 28 proofs of service.  Each proof of service utilized a preprinted, Judicial Council-approved form; each was dated January 12, 2023; and each was signed by Eric Perez, a nonregistered process server.  Item 5 on each form asked the process server to check a box indicating how service was accomplished (i.e., by personal service, substitute service, or by mail).  None of the boxes for Item 5 were checked on any of the submitted proofs of service.  Item 7 on each form asked for information about the process server (name, address, telephone number, etc.).  Each proof of service at Item 7a contained the following statement:  "E. PEREZ (VIA) United States Postal Service."  At a hearing held on the same date, the trial court continued to March 7, 2023, the order to show cause hearing on the proofs of service.

In March 2023, plaintiff filed 28 "Amended" proofs of service, each of which was dated January 12, 2023.  At Item 5 on each amended proof of service, the box for personal service was checked; in addition, each amended proof stated at Item 5 that

4

personal service was accomplished on January 12, 2023, at a specific time.[2]

On the day before the continued hearing on the order to show cause, plaintiff filed 28 "ReAmended" proofs of service. This third set of proofs of service indicated most defendants were served by "priority" and "certified" mail on either January 9 or January 10, 2023; those proofs were accompanied by a signed United States Postal Service acknowledgment of receipt on January 12, 2023. Other of the "re-amended" proofs showed personal service effected in September 2022 or service by mail made in October 2022.

The trial court held the continued order to show cause hearing on the proofs of service in late March 2023. After taking the matter under submission, the court issued an order dismissing the amended complaint with prejudice. The court found that "[o]ver 30 months have passed since the filing of the complaint. Plaintiff has not served Defendants, and appears to have made no serious attempts to do so."

---

[2]     For example, the proofs of service stated service on certain defendants sharing the same address in Los Angeles was accomplished at 1:57 p.m. Service on other defendants sharing the same address in different cities in Southern California was reported to have been accomplished at different times: Brea at 9:41 a.m., Carson at 11:00 a.m. and Hermosa Beach at 12:00 p.m. The proofs of service also declared that 10 minutes before he personally served certain defendants in Hermosa Beach, California at noon, Mr. Perez purportedly personally served defendants in Atlanta, Georgia at 11:50 a.m.

## II.  DISCUSSION

Section 583.410, subdivision (a) of the Code of Civil Procedure provides in pertinent part that a trial court "may in its discretion dismiss an action for delay in prosecution . . . on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case."[3] Section 583.420, subdivision (a)(1) specifies that a trial court may dismiss an action where "[s]ervice is not made within two years after the action is commenced against the defendant."  In evaluating whether to exercise its discretionary dismissal powers, a trial court is to consider, among other things, the "diligence in seeking to effect service of process."  (Cal. Rules of Court, rule 3.1342(e)(2); see generally *Blank v. Kirwan* (1985) 39 Cal.3d 311, 332 ["'The legislative policy underlying [former] section 583 is not grounded solely in prejudice caused by delay to a defendant.  Its purpose, too, is to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence'"].)

Our review of a trial court's section 583.410 dismissal is for abuse of discretion.  (*Blank, supra,* 39 Cal.3d at 331; see also *Schumpert v. Tishman Co.* (1988) 198 Cal.App.3d 598, 603 ["While it is true that an order granting a motion to dismiss for dilatory prosecution will be more closely scrutinized on review than one denying the motion [citations], the trial court nevertheless exercises a wide discretion in ruling on such a motion and its determination will be reversed only upon a

---

[3]     Undesignated statutory references that follow are to the Code of Civil Procedure.

6

showing of manifest abuse of discretion resulting in a miscarriage of justice"].)

Plaintiff has not established the trial court's dismissal of his action constitutes an abuse of discretion. The record on appeal is devoid of any explanation for why service of the original complaint was never completed or why service of the amended complaint was not completed in the 11 months that the trial court gave plaintiff following the September 2021 order to show cause hearing. In addition, the record does not explain the substantial discrepancies in the three sets of proofs of service plaintiff filed between January 13 and March 27, 2023—discrepancies that undoubtedly formed the basis of the trial court's finding that plaintiff had not served defendants or made any serious attempt to do so.[4] Furthermore, even if we assume for argument's sake that there was proper service shortly before the March 2023 order to show cause hearing, the trial court's dismissal of the action still would not constitute an abuse of discretion. (See, e.g., *Williams v. Los Angeles Unified Sch. Dist.* (1994) 23 Cal.App.4th 84, 87-89, 106 [affirming dismissal of amended complaint for failure to timely serve when service was finally accomplished 30 months after the action was commenced]; *Ladd v. Dart Equipment Corp.* (1991) 230 Cal.App.3d 1088, 1099-1102 [affirming dismissal when summons and complaint not served until nearly 29 months after commencement of the action].)

---

[4]     Plaintiff does not argue the third set of proofs he filed was more trustworthy than the two prior sets and should be credited as showing that service was, in fact, eventually accomplished by a combination of mail and personal service.

Plaintiff resists this conclusion by asserting he made "multiple" objections to dismissal at the March 2023 order to show cause hearing. These arguments fail because we have no reporter's transcript memorializing what occurred during that hearing (the minute order for the hearing describes the proceedings leading up to the hearing but says nothing about what, if any, arguments plaintiff made during the hearing).[5] (*Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1229, fn. 5 [a reliable record of what transpired at a hearing is indispensable when a court's written rulings are "quite succinct"].)

Insofar as plaintiff intelligibly argues the trial court's dismissal contravened due process principles or was the product of judicial bias, the arguments lack any support in the record.

---

[5] A certified shorthand reporter was appointed by the trial court for the hearing, but plaintiff did not make a transcript of the hearing part of the appellate record.

DISPOSITION

The judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.



KIM (D.), J.



9