Filed 5/19/26  Tharp v. Monsanto Co. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE THARP et al., | D084928 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2019-00005790-CU-PL-CTL) |
| MONSANTO COMPANY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kevin A. Enright, Judge.  Reversed and remanded with instructions.

Singleton Schreiber and Leslie A. Brueckner, for Plaintiffs and Appellants.

Bryan Cave Leighton Paisner, K. Lee Marshall, Saurish Appleby-Bhattacharjee and Jasdeep Atwal, for Defendants and Respondents.

Shirlyn Daddario died of breast cancer.  Her three surviving daughters, Dominique Tharp, Sarah Dorsey, and Sunshine Daddario Axlund sued Monsanto Company.  The daughters alleged a pesticide Monsanto manufactured caused their mother's cancer.  Monsanto moved to dismiss the daughters' action for delay in prosecution under the discretionary dismissal statutes of Code of Civil Procedure sections 583.410 through 583.430 and

California Rules of Court, rule 3.1342(e). The trial court granted Monsanto's motion and entered a judgment of dismissal in favor of Monsanto.

On appeal, the daughters contend any delay in prosecuting the action was excusable such that the trial court erred when it determined dismissal was required. They also argue that because they made an initial showing of excusable delay, the court abused its discretion when it dismissed their action in the alternative on a discretionary basis without considering Monsanto was not prejudiced by the delay. By not considering the lack of prejudice to Monsanto, they argue the court could not weigh the dismissal factors and exercise its discretion in a way that conforms with the spirit of the law and is consistent with substantial justice. We agree with the daughters' arguments. We therefore reverse and remand the matter to the trial court with instructions to consider the lack of prejudice to Monsanto.[1]

## I.

In January 2019, Daddario's daughters filed an action for wrongful death and survivorship damages against Monsanto. The trial court deemed the action related to, and consolidated it with, 13 other cases also involving injuries caused by Monsanto's pesticide. The court assigned the cases to a

---

[1] We initially granted the parties' motions to file the unredacted version of appellants' opening brief and volume 4 of the appendix under seal. We also conditionally granted the motion to seal the unredacted versions of the respondents' brief and the appellants' reply brief. Subsequently, we notified the parties we were considering unsealing the appellate record on our own motion because the record of documents sealed by the trial court is incomplete. (See Cal. Rules of Court, rule 8.46(b)(2).) We gave the parties the opportunity to oppose (rule 8.46(f)), but neither party did. After further review, we deny the parties' motions to seal, and we unseal all the records in this matter. (See rules 2.550(d) & 8.46(f)(5); *H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 898.)

single department and divided them into three groups, placing the daughters' action in the third and final group for trial-setting purposes.

In March 2024, with the five-year mandatory dismissal deadline under Code of Civil Procedure section 583.310 impending, the trial court found good cause to set trial in June.

In April, Monsanto moved to dismiss the action for delay in prosecution under the discretionary dismissal statutes. In opposition, the daughters submitted evidence showing they faced multiple obstacles in bringing the case to trial, including a contract between Monsanto and the daughters' trial counsel, extensive settlement discussions, an inability to obtain a necessary expert witness, and the court's scheduling order. They stated they were not ready for a trial in June but would be ready in July, before the mandatory dismissal deadline. Nevertheless, the court ruled it was required to dismiss the action because the daughters made no showing of good cause for delay. Alternatively, the court determined discretionary dismissal was appropriate under the California Rules of Court, rule 3.1342(e) dismissal factors even if it assumed the daughters showed good cause.

## II.

## A.

Separate from the five-year mandatory dismissal deadline under section 583.310, a trial court has the option to dismiss a case for delay in prosecution if a plaintiff has not brought the case to trial within two years after commencing it. (§§ 583.410(a), 583.420(a)(2)(b); Cal. Rules of Court, rule 3.1340; *Seto v. Szeto* (2022) 86 Cal.App.5th 76, 101.) The burden is on defendant to show dismissal is warranted. (*Visco v. Abatti* (1983) 144 Cal.App.3d 904, 908.)

3

We review a trial court's ruling on a motion to dismiss for delay in prosecution for abuse of discretion.  (*Corrinet v. Bardy* (2019) 35 Cal.App.5th 69, 72.)  "[A] reviewing court should not disturb the exercise of a trial court's discretion unless it appears that there has been a miscarriage of justice." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)  "A proper exercise of discretion must not be arbitrary, must conform with the spirit of the law, and must be applied in a way that is consistent with substantial justice." (*Corrinet,* at p. 78.)  "A trial court's decision that rests on an error of law is an abuse of discretion."  (*Knapp v. AT&T Wireless Services, Inc.* (2011) 195 Cal.App.4th 932, 939.)

B.

The daughters contend dismissal was not required here.  We agree.

Discretionary dismissal is "mandatory 'only when there is an entire absence of any showing constituting good cause.'"  (*Woolfson v. Personal Travel Service, Inc.* (1971) 3 Cal.3d 909, 912.)  If a plaintiff makes "*some* showing of excusable delay," the strong policy favoring trial on the merits applies.  (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 562–563.)

The Supreme Court has not defined what is necessary for "some" showing of excuse or justification for delay.  (*Putnam v. Clague* (1992) 3 Cal.App.4th 542, 552.)  But some appellate courts have held that, so long as the explanation for the delay is "not clearly unreasonable" and credible, it satisfies the "'some showing'" threshold.  (*Id*. at p. 557.)  Because the threshold burden is low, only in the rare case will a trial court be without discretion to deny a motion to dismiss for delay in prosecution.

*Denham* provides an example of how low the bar is.  (*Denham,* 2 Cal.3d at p. 564.)  There, the plaintiffs' attorney's affidavit in opposition to the

4

defendant's motion to dismiss did not include any facts showing an excuse for the delay in bringing the plaintiffs' action to trial. (*Ibid.*) Nevertheless, the plaintiffs' attorney orally informed the commissioner during the hearing that there had been "various changes in attorneys and in the law firm representing plaintiffs," and the commissioner took judicial notice of some of those changes. (*Id.* at pp. 564–565.) The Supreme Court determined "there was not 'an entire absence of any showing constituting good cause presented in [respondent court] upon the hearing of the motion to dismiss.'" (*Id.* at p. 564.)

Like in *Denham*, the daughters here provided an explanation for the delay in prosecution, meeting the "some showing" threshold.

First, the daughters explained that their counsel and Monsanto executed a contract as part of a settlement between Monsanto and plaintiffs in related cases. Although the daughters were not parties, the contract limited their counsel's ability to continue representing anyone suing Monsanto for damages resulting from exposure to Monsanto's pesticide. Monsanto refused counsel's request to waive those provisions, so the daughters' counsel spent nearly a year trying to find qualified substitute counsel to represent them. Because Monsanto contributed to this delay, the daughters should not be penalized with dismissal. (See *Fay v. Mundy* (1966) 246 Cal.App.2d 231, 238.)

Second, once qualified substitute counsel was retained, the new attorney planned to use discovery from related actions for the daughters' trial. Counsel's tactical decision to hold off discovery in the present case until discovery was completed in other related cases can constitute good cause for a delay. (*United Farm Workers National Union v. International Brotherhood of Teamsters* (1978) 87 Cal.App.3d 225, 237.)

5

Third, the daughters explained settlement negotiations contributed to the delay, as supported by declarations of their and Monsanto's counsel. And the record shows the trial court repeatedly ordered the parties to further engage in settlement negotiations. It was thus not clearly unreasonable for the daughters to invest time in attempting to resolve the matter extrajudicially. (See *Corrinet*, 35 Cal.App.5th at p. 80.)

Fourth, the daughters' counsel explained that they could not find an expert to testify to the crucial link between Monsanto's pesticide and breast cancer because science had not yet proven the causal connection until shortly before the hearing on Monsanto's motion. It was not clearly unreasonable for counsel to wait until securing such an important expert before proceeding with trial. (See *Yao v. Anaheim Eye Medical Group, Inc.* (1992) 10 Cal.App.4th 1024, 1031.)

Fifth, and most importantly, the daughters explained the trial court's scheduling order affected their ability to proceed to trial. The court related their case to multiple other actions against Monsanto and assigned the related cases to a single department over their counsel's objection. In February 2023, the trial court issued a scheduling order splitting the cases into three groups. The trial court's scheduling order stated that "no cases in group 3 will proceed forward to trial until all cases in group 2 have been tried or settled." The trial court placed the daughters' case in group 3. The record indicates that at least one group 2 case was still being litigated in March 2024. And years before Monsanto brought the motion to dismiss, the daughters' counsel expressed concerns about coordination orders that could delay trials. This concern was thus no mere "afterthought or pretext designed to cover up neglect." (See *Putnam,* 3 Cal.App.4th at p. 558.) The trial court found the daughters' counsel's representations credible. And

6

Monsanto's evidence did not contradict the daughters' showing. Given these circumstances, we cannot say complying with a trial court's scheduling order was irrational.

Despite the trial court's scheduling order, Monsanto argues the daughters could have asked for an earlier trial date and proceeded with discovery. But the record shows, as noted above, numerous other factors complicated setting the matter for trial and proceeding with discovery. Because the punishment of dismissal with prejudice is severe and the threshold the daughters needed to satisfy is low, we will not second-guess the daughters' counsel's choices with the benefit of hindsight. "[I]t will always be possible to suggest that the plaintiff might have done something differently." (*Putnam*, 3 Cal.App.4th at p. 560.) Rather, we conclude the daughters made *some* showing the delay in prosecution was excusable. Accordingly, the law did not *require* that the trial court dismiss the daughters' action with prejudice.

C.

The daughters contend the trial court abused its discretion in reaching its alternative ruling that discretionary dismissal was appropriate without considering the lack of prejudice to Monsanto. We agree.

In ruling on a motion to dismiss for delay in prosecution, "the court *must* consider all matters relevant to a proper determination of the motion, including" certain enumerated factors. (Rule 3.1342(e), italics added.) While prejudice to the defendant resulting from the delay is not expressly mentioned, "it also must be taken into consideration in deciding whether to dismiss under section 583.420." (*Cordova v. Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1535.) Indeed, prejudice to a defendant is imbedded in factors 9 and 10 of the rule, which, respectively, require the court to consider

7

"[w]hether the interests of justice are best served by dismissal or trial of the case" and "[a]ny other fact or circumstance relevant to a fair determination of the issue." (Rule 3.1342(e)(9)–(10).) Evaluating prejudice is essential to properly considering the interests of justice because, "in the absence of prejudice to defendants[] attributable to unreasonable delays by plaintiff, the probability of a miscarriage of justice is greater when a trial on the merits is denied than it is where plaintiff is permitted to proceed." (*City of Los Angeles v. Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 563.)

A showing of prejudice is not always required to dismiss, because the underlying policy "is not grounded solely in prejudice caused by delay to a defendant." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 332.) Its "purpose, too, is to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence." (*Ibid.*)

But once a plaintiff has shown some good cause for the delay, the plaintiff is entitled to the great weight of the policy favoring trial on the merits. (*Putnam,* 3 Cal.App.4th at p. 564.) The Legislature has clarified, even with regard to the mandatory five-year dismissal rule, that "the policy favoring trial . . . on the merits [is] generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence." (§ 583.130.) Thus, a defendant's demonstration of actual prejudice will often be essential to tip the scales of justice in favor of dismissing the action under section 583.420. (See, e.g., *Tannatt v. Joblin* (1982) 130 Cal.App.3d 1063, 1070.)

Because the daughters satisfied their threshold burden, the burden shifted to Monsanto to demonstrate prejudice (see *Yao,* 10 Cal.App.4th at pp. 1031–1032) "'through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses

have disappeared'" (*Tustin Plaza Partnership v. Wehage* (1994) 27 Cal.App.4th 1557, 1564–1565).  Monsanto did not present any evidence of prejudice by declaration or otherwise.  Indeed, Monsanto "does not show that a single item of evidence has been lost or that a single witness is unable to recall material events." (*Putnam,* 3 Cal.App.4th at p. 565.)  As a result, the trial court made no express finding of prejudice here.

The reporter's transcript of the hearing shows the trial court's chief concern was the unfairness to Monsanto of having to prepare for a complex trial before the five-year mandatory dismissal deadline in July 2024.  But the court already found good cause to set the action for trial in June 2024, before the five-year mandatory dismissal date.

As Monsanto did not demonstrate actual prejudice, it instead argued prejudice was presumed.  Monsanto, however, was mistaken.  (See *Yao,* 10 Cal.App.4th at p. 1032.)  "[C]ourts should not presume that a delay in prosecution is prejudicial to a defendant." (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 442.)

Courts also decline to "infer prejudice where there was timely service of the complaint and only lethargy thereafter." (*Luti v. Graco* (1985) 170 Cal.App.3d 228, 235.)  "A defendant who is served has the ability to prepare a defense notwithstanding the plaintiff's inactivity." (*Id.* at p. 233.) Here, Monsanto did not assert a delay in service of process.  And there are no facts from which we can infer that the daughters effectively denied Monsanto the right to begin preserving the evidence and conducting meaningful discovery.  Thus, the daughters' delay did not prevent Monsanto from preparing for trial earlier.  (See *Putnam*, 3 Cal.App.4th at p. 565.)

Citing *Howard,* Monsanto argues that "when a plaintiff fails to make a showing of excusable delay, the trial court remains within its discretion in

9

dismissing the case despite the lack of actual prejudice." (*Howard,* 10 Cal.4th at pp. 443-444; See also, *Cubit v. Ridgecrest Community Hospital* (1987) 194 Cal.App.3d 1552, 1572.) But the trial court here made the discretionary dismissal order "assuming" the daughters made some showing of good cause for delay. And, for the reasons noted above, we conclude they in fact made the minimal showing of good cause required. Accordingly, the trial court should have weighed and considered the lack of prejudice to Monsanto. By not doing so, the trial court abused its discretion.

## III.

We reverse the judgment and remand to the trial court with instructions to weigh the dismissal factors of California Rules of Court, rule 3.1342(e) and in doing so expressly consider the lack of prejudice to Monsanto. The daughters are entitled to recover their appellate costs. (Cal. Rules of Court, rule 8.278(a).)

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

DATO, J.